## Ro-Med Construction Co., Inc. v. Clyde M. Bartley Co., Inc.

*Charles W. Garbett,* for plaintiff.
*George H. Hancher,* for defendant.

LYON, *J.*, March 4, 1977—The seeds of this lawsuit grew out of a certain highway construction contract between plaintiff and the Department of Transportation and a resultant oral subcontract made by plaintiff and defendant for the performance of some of the highway construction work that was included in the original contract. The instant cause of action is bottomed wholly upon the subcontract.

At the pretrial conference, the parties were sharply divided upon the availability of the defense of illegality. It is apparent from the pleadings that the dispute involved merely a question of law, all relevant factual averments in defendant's answer having been expressly admitted in plaintiff's reply. It also appeared that plaintiff's cause of action will be barred as a matter of law if the pleaded illegality defense is available to defendant. Because of the intrinsic importance of an early resolution of the issue, counsel for both sides agreed to have a binding pretrial determination of the question and have submitted able and learned briefs in support of their respective positions. Thus, the question submitted to the court for determination is whether the answer sets forth a valid defense of illegality.

In order for the defense as pleaded to be valid and available, the allegations of the answer, which are conceded to be true, must be legally sufficient to show that the subcontract between the parties was actually illegal under the law as it was when the contract was made in 1971: Coombes v. Getz, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866 (1932). The relevant allegations of the answer are as follows:

"18. Clyde M. Bartley Co., is not now and never

has been qualified, as required by law, as a subcontractor to work on projects of the Commonwealth of Pennsylvania, Department of Transportation.

"19. The contract, as alleged by Plaintiff, is illegal under the provisions of the Act of September 20, 1961, P.L. 1529 (No. 649) (36 P.S. 670-404.1) and the regulations promulgated thereunder, most particularly Section 33.11 of the Pennsylvania Department of Transportation Rules and Regulations, Chapter 33."

Defendant does not contend that any provision of the cited statutory enactment prohibited or invalidated the oral contract between the parties, but contends that it was made illegal by section 33.11 of the Pennsylvania Department of Transportation Rules and Regulations which were promulgated by the secretary as apparently authorized by the statute. Such lawfully adopted regulations are as binding on a court as a statute: Pennsylvania Human Relations Commission v. Norristown Area School District, 20 Pa. Commonwealth Ct. 555, 342 A. 2d 464 (1975); Herdelin v. Greenberg, 16 Pa. Commonwealth Ct. 405, 328 A. 2d 552 (1974); Good v. Wohlgemuth, 15 Pa. Commonwealth Ct. 524, 327 A. 2d 397 (1974). Plaintiff argues that illegality bottomed on rules and regulations of the Department of Transportation cannot be asserted to bar plaintiff's instant cause of action because no interest of the Commonwealth is involved and the illegality involved a matter collateral to the principal purpose of the subcontract. Defendant, of course, contends to the contrary. However, we arrive at our destination by a route which was not chartered by either plaintiff or defendant.

Prior to the creation of the oral subcontract, the legislature had enacted the Commonwealth Doc-

uments Law[1]. It provides, generally, that no administrative regulation or change therein is valid for any purpose until filed by the Legislative Reference Bureau as required by sections 207, 208 and 1409, 45 P.S. §§1207, 1208 and 1409. On September 21, 1973, at 9 a.m., Rule or Regulation No. 33.11 of the Department of Transportation was filed with the Legislative Reference Bureau and it was published in full on the following day in the Pennsylvania Bulletin: 3 Pa. Bull. 2133 et seq. But the oral subcontract had been created approximately two years prior thereto and it, apparently, was fully performed before the filing and publication of the regulation. Thus, the regulation could not constitutionally bar plaintiff's cause of action under either the Federal or State Constitution. Article I, sec. 10, of the Constitution of the United States provides:

"No State shall . . . pass any . . . Law impairing the Obligation of Contracts. . ."

Article I, sec. 17, of Pennsylvania Constitution similarly prohibits the legislature from passing any ex post facto law, ". . . impairing the obligation of contracts, . . ."

Hence, the illegality of the contract does not appear from the averments of the answer.

In view of the foregoing discussion and citations of authority, it is apparent that the defense of illegality is unavailable to defendant upon the present state of the pleadings.

## ORDER

Now, March 4, 1977, it is ordered, adjudged and decreed that the memorandum opinion of this date

---

1. Act of July 31, 1968, P.L. 769, art. I, sec. 101, et seq., 45 P.S. §1101 et seq.

be incorporated in and made a part of the pretrial order and that order is herewith modified or revoked as to anything appearing therein that is contrary to this opinion.